## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-61434-JEM/Becerra

ROOR, a German corporation,

      Plaintiff,

vs.

PEACE BROTHERS DISTRIBUTING, CORP.,

      Defendant

vs.

BANK OF AMERICA, N.A.,

      Garnishee

_____/

## <u>REPORT AND RECOMMENDATION</u>

**THIS CAUSE** came before the Court on Plaintiff's Motion for Final Judgment Against Garnishee Bank of America, N.A., which the Honorable Jose E. Martinez referred to the undersigned for a report and recommendation.  *See* ECF Nos. [49], [50].  On August 2, 2017, the Court entered a default judgment in favor of Plaintiff and against Defendant in the amount of $153,859.44 (the "Judgment").  *See* ECF No. [19].  In March 2018, Defendant paid Plaintiff $5,000.00 towards satisfaction of the judgment.  *See* ECF No. [21] at ¶ 3.

Plaintiff conducted discovery in aid of execution and, in February 2021, served a writ of garnishment upon Bank of America, N.A.  *See* ECF No. [41].  Plaintiff served Defendant with copies of the Writ of Garnishment, Bank of America's Answer, the Motion for Writ of Garnishment, and Claim of Exemption form and Notice to Defendant of Right Against Garnishment by mailing the documents to Defendant's business address, as well as to Defendant's registered agent.  *See* ECF No. [34].

1

Plaintiff and Defendant thereafter entered into settlement negotiations, ECF No. [35] at ¶ 5, which resulted in an Agreed Final Judgment Against Garnishee Bank of America, N.A. *See* ECF No. [40].  The Agreed Final Judgment provides that Bank of America will pay Plaintiff $3,000.00 from Defendant's Bank of America accounts, and requires Defendant to pay Plaintiff "$2,000.00 within thirty (30) days from the date of this Order, and $2,000.00 each consecutive month thereafter, beginning on or before March 20, 2021, until the total settlement amount of $55,000.00 has been paid in full." *Id*. at ¶ 2.

Plaintiff served a second writ of garnishment on Bank of America in August 2022 (the "Writ").  *See* ECF No. [48].  On August 12, 2022, Plaintiff served Defendant with copies of the Writ and corresponding Motion, Claim of Exemption form and Notice to Defendant of Right Against Garnishment, as well as Bank of America's Answer to the Writ, via U.S. mail to Defendant's business address, as well as to its registered agent. *See* ECF No. [47].  Plaintiff mailed these documents to the same addresses that it previously used to serve Defendant with the initial writ and related documentation. *Compare* ECF No. [34] at 1 *with* ECF No. [47] at 1.  To date, Defendant has not asserted any exemptions to the Writ or otherwise challenged the propriety of garnishing the funds held in its accounts at Bank of America.

Bank of America responded to the Writ, and identified four (4) accounts held in Defendant's name containing funds totaling $16,777.41, which Bank of America has set aside pending this Court's determination of the proper disposition of those monies. *See* ECF Nos. [45], [46].  These are the same accounts that Bank of America identified in its response to the initial writ of garnishment, from which it paid $3,000.00 to Plaintiff pursuant to the Agreed Final Judgment. *Compare* ECF No. [32] at 1-2 *with* ECF No. [46] at 2.  Bank of America also made

demand for payment of the $100.00 statutory garnishment fee from Plaintiff. *See* ECF No [45] at 6, [46] at 2.

Plaintiff thereafter filed the instant Motion for Final Judgment Against Garnishee Bank of America, N.A., ECF No. [49].  Plaintiff served Defendant with a copy of the Motion via U.S. Mail and electronic mail. *Id*. at 2.  Plaintiff seeks a final judgment against Bank of America in the amount of $16,777.41, plus post-judgment interest, and costs that Plaintiff incurred in the amount of $145.00.  *Id*.  Plaintiff did not set forth the total amount outstanding on the Judgment, and thus the undersigned held a hearing on February 9, 2023 to clarify the record.  *See* ECF Nos. [50], [51].  Plaintiff's counsel advised that, to date, Defendant has paid a total of $16,000.00 towards satisfaction of the Judgment.[1]  Whether the amount due is based upon the full Judgment or the amount the parties reached during their settlement is not an issue the Court needs to resolve at this time, since in either event the amounts that would still be due are in excess of $16,777.41, the amount sought in the Motion.

Rule 69 of the Federal Rules of Civil Procedure provides in pertinent part that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution…must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Despite its reference to writs of execution, Rule 69 "does not preclude the use of garnishment for enforcement of a judgment." *Grenada Bank v. Willey,* 694 F.2d 85, 87 (5th Cir.1982).  This action is pending in the Southern District of Florida and, thus, Florida law applies to the Motion. *See Zelaya/Capital Intern. Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014) ("Writs of garnishment are

---

[1] Specifically, Defendant has paid: (i) $5,000.00 in March 2018, (ii) $3,000.00 pursuant to the Agreed Final Judgment, and (iii) four payments of $2,000.00 each, in March 2021, May 2021, July 2021, and August 2021.

3

governed in the first instance by Rule 69 .... [T]hus provid[ing] that Florida law applies to the writs in question to the extent that it does not conflict with federal law.").

Florida Statutes § 77.01 grants Plaintiff, as a judgment creditor, the ability to garnish funds held in Defendant's bank accounts.  *See* FLA. STAT. § 77.01 ("Every person or entity who has… recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any… debt due to defendant by a third person… tangible or intangible personal property of defendant in the possession or control of a third person.").  Defendant, as the judgment debtor, "may assert defensively any exemption(s) [from garnishment] that may apply" and "the applicability of any such exemptions are then determined by a court following an evidentiary hearing."  *Jelencovich v. Dodge Enters.,* 2009 WL 4899405, *3 (S.D. Fla. Dec. 14, 2009).  Defendant received notice of the availability of exemptions from garnishment, as Plaintiff twice served it with a Claim of Exemption form and Notice to Defendant of Right Against Garnishment.  *See* ECF Nos. [34], [47].  It is Defendant's burden to establish that the funds Plaintiff seeks to garnish are exempt.  *Cadle Co. v. G&G Assocs.*, 757 So. 2d 1278, 1279 (Fla. 4th DCA 2000) (citation omitted) ("The burden of proving the entitlement to an exemption is on the debtor.").

As mentioned, Defendant received notice of the Writ and of Plaintiff's intent to garnish the funds held in Defendant's accounts at Bank of America.  *See* ECF Nos. [47], [49].  Despite notice, Defendant has not sought to claim any exemptions.  Given that Defendant has failed to carry its burden to prove that the funds at issue are exempt from garnishment, Plaintiff is entitled to the judgment requested.

Based upon the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Final Judgment Against Garnishee Bank of America, N.A., ECF No. [49], be **GRANTED**, and a final

judgment in favor of Plaintiff and against Garnishee Bank of America, N.A. be entered in the amount of $16,777.41, and against Defendant in the amount of $145.00, as set forth in the proposed final judgment filed at ECF No. [49-1].  Further, the undersigned **RECOMMENDS** that Plaintiff be required to immediately pay Bank of America the $100 statutory garnishment fee it is owed, to the extent that Plaintiff has not already done so.

## I.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  The undersigned finds that a shortened objection period is warranted given that the Parties have had ample time to time to make their arguments in written briefs and at the hearing.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 14, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**